E-FILED
Monday, 01 July, 2019 11:20:13 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KEVIN L. ADAMS,<br><br> Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br> Respondent. | Case No. 12-3245 |

OPINION

RICHARD MILLS, United States District Judge:

In an Opinion and Order entered on January 8, 2019, the Court denied the motion of Petitioner Kevin L. Adams for relief from judgment under Federal Rule of Civil Procedure 60(b)(4) and (6). Pending is the Petitioner's motion to reconsider under Rule 59(e).

On March 24, 2016, the Court denied the Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence. The Petitioner did not appeal. On July 9, 2018, the Petitioner filed a motion for relief from judgment under Rule 60. In denying that motion, the Court found that Petitioner had not shown that the judgment is void under Rule 60(b)(4). The Court also found that Petitioner had not moved for relief under Rule 60(b)(6) "within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1). The Court also determined that Petitioner had not shown "extraordinary

circumstances" which would justify reopening the final judgment. *See Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006).

The Petitioner's motion for relief from judgment was filed more than 27 months after his motion under § 2255 was denied. In his motion for relief from judgment, the Petitioner sought to raise the following issues: (1) post-trial counsel was ineffective for failing to raise the issue of trial counsel having abandoned petitioner by not challenging Petitioner's guilty plea, which Petitioner says was not "knowing and voluntary;" (2) post-trial counsel was ineffective in failing to address whether trial counsel adequately investigated the case, which he says affected the Petitioner's drug quantity calculation and criminal history classification; (3) the Petitioner was denied a reduction for acceptance of responsibility; and (4) counsel was ineffective for failing to object to prior drug offenses which were used to enhance the Petitioner's sentence.

Following the denial of his § 2255 motion, the Petitioner waited more than two years to file the instant motion for relief from judgment. None of his claims are based on newly discovered information. The Petitioner would have had all of the information necessary to make these arguments at the time his § 2255 motion was denied. The Court concludes, therefore, that Petitioner's motion was not made within a reasonable time pursuant to Rule 60(c) and must be dismissed. The Court also finds that Petitioner has not shown extraordinary circumstances which would

justify reopening the judgment. Accordingly, the Court has no basis to reconsider its earlier Order.

<u>Ergo</u>, the Petitioner's motion for reconsideration of the Order denying relief from the judgment denying his motion to vacate, set aside or correct sentence [d/e 18] is DENIED.

The Clerk will terminate the Government's motion for status update [d/e 24].

ENTER: July 1, 2019

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge